UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 1074 |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal corporation, and Chicago Police Officers RYAN DELANEY #4024, SERGIO CORONA #3331, C. MACNIFF #11549, ROBERTO RODRIGUEZ #16967, GARY FREAR #16852, MARK KUSHINER #15895, WARREN JOHNSON #17442, and G. JUNKOVIC #8143, | ) ) ) ) ) ) ) ) | Magistrate  JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, MICHAEL LEE, through his attorney, Torreya L. Hamilton of Hamilton Law Office, LLC, makes the following complaint against the Defendants The CITY OF CHICAGO (Defendant CITY) and Chicago police officers RYAN DELANEY, SERGIO CORONA, C. MACNIFF, ROBERTO RODRIGUEZ, GARY FREAR, MARK KUSHINER, WARREN JOHNSON, and G. JUNKOVIC (Defendant OFFICERS).

### JURISIDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 to address the deprivation, under color of law, of the Plaintiff's rights under the United States Constitution and under the common law of Illinois.

2. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff MICHAEL LEE is a thirty-nine year old resident of Chicago, Illinois.

5. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of all Defendant OFFICERS.

6. At all relevant times, Defendant OFFICERS were employed by Defendant CITY, and they were acting under color of law and within the scope of their employment as Chicago police officers.

**FACTS**

7. On the afternoon of February 9, 2011, Plaintiff was driving his vehicle, a 2003 Land Rover, on Hamlin Street in the City of Chicago.

8. At the same time, Defendant OFFICERS were working on-duty as Chicago police officers, and occupied several police vehicles.

9. Defendant OFFICERS decided to pull over Plaintiff's vehicle, even though nothing about Plaintiff's behavior or driving had given them any legal justification to do so.

10. After Defendant OFFICERS curbed Plaintiff's vehicle, they immediately handcuffed Plaintiff.

11. Plaintiff asked Defendant OFFICERS why they had stopped him and why he was being arrested, but they would not give him an answer.

12. Defendant OFFICERS then searched Plaintiff's vehicle.

13. Defendant OFFICERS conducted an extensive and destructive search of Plaintiff's vehicle, which included taking seat cushions out, tearing the leather console, removing the trim from the sun roof, pulling the carpeting up, and removing the interior paneling of the doors.

14. In the rear of Plaintiff's vehicle, Defendant OFFICERS searched a bag that contained the belongings of Ms. Janice Dorbin, Plaintiff's former girlfriend, who is now deceased.

15. Ms. Dorbin was the mother of Plaintiff's son, Desean Lee. Desean is a college student at Illinois State University.

16. On February 9, 2011, Ms. Dorbin was homeless and so Plaintiff kept some of her belongings in his vehicle.

17. Inside one of these bags, Defendant OFFICERS found prescription bottles of pills that belonged to Ms. Dorbin. The bottles had Ms. Dorbin's name on them, and the pills had been prescribed for her by a physician.

18. Defendant OFFICERS took Plaintiff to a police station, and filed charges against him for "possession of a controlled substance with intent to deliver." The "controlled substance" that Defendant OFFICERS used as the basis for this charge was the pills legally prescribed to the mother of his son, Janice Dorbin.

19. Defendant OFFICERS then prepared false police reports pertaining to the arrest of Plaintiff.

20. Defendant OFFICERS caused a criminal complaint to be filed against Plaintiff in the Circuit Court of Cook County.

21. Plaintiff spent several days in jail before he was able to post bond.

22. Plaintiff had to hire an attorney to defend him against the criminal case that Defendant OFFICERS filed against him.

23. On January 4, 2013, the criminal case against Plaintiff proceeded to trial.

24. Two of Defendant OFFICERS testified at this trial, and their testimony about Plaintiff was false.

25. Plaintiff was acquitted of all charges.

### COUNT I
(42 U.S.C. § 1983 – Unlawful Seizure)

26. Each of the preceding paragraphs is incorporated as if fully restated here.

27. As described above, Defendant OFFICERS pulled Plaintiff over and detained him without a warrant, and without probable cause or reasonable suspicion to believe he had committed any crime.

Defendant OFFICERS acted in an objectively unreasonable manner and their conduct violated the Fourth Amendment to the United States Constitution.

28. As a direct and proximate result of the unlawful seizure of Plaintiff, he suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages as well as court costs, attorney's fees and such other relief that the Court deems just and equitable.

## COUNT II
(42 U.S.C. § 1983 – Unlawful Search)

29. Each of the preceding paragraphs is incorporated as if fully restated here.

30. As describe above, Defendant OFFICERS' searched Plaintiff's vehicle in a manner that caused extensive damage. This search was not conducted in a reasonable or lawful manner.

31. The manner and scope of this search was objectively unreasonable and was therefore a violation of the Fourth Amendment to the United States Constitution.

32. As a direct and proximate result of this unlawful search, Plaintiff has suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages as well as court costs, attorney's fees and such other relief that the Court deems just and equitable.

## COUNT III
(Illinois Malicious Prosecution Claim)

33. Each of the preceding paragraphs is incorporated as if fully restated here.

34. As described above, Defendant OFFICERS willfully and intentionally initiated criminal proceedings against Plaintiff, and then caused those proceedings to continue, without probable cause for the each of the offenses charged.

35. Defendant OFFICERS wrote false and inaccurate police reports and other documents pertaining to the arrest of Plaintiff. They did this with malice, willfulness and/or reckless indifference to Plaintiff's rights.

36. On information and belief, one or more of Defendant OFFICERS related false information pertaining to Plaintiff's arrest to prosecutors.

37. The criminal charges that Defendant OFFICERS filed against Plaintiff were terminated in a manner indicative of Plaintiff's innocence.

38. Under Illinois law, public entities such as Defendant CITY are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

39. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS toward Plaintiff.

40. As a direct and proximate cause of Defendant OFFICERS' malicious prosecution, Plaintiff suffered both financial and emotional damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as any other relief that is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

MICHAEL LEE, Plaintiff,


By:   /s Torreya L. Hamilton
       Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397