

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 1074 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' Motion to Dismiss Plaintiff's Complaint [24], which has been converted into a motion for summary judgment on the issue of collateral estoppel, is denied.

## STATEMENT

Plaintiff Michael Lee ("Plaintiff") sues Defendants City of Chicago and Officers Ryan Delaney, Sergio Corona ("Officer Corona"), C. Macniff, Roberto Rodriguez ("Officer Rodriguez"), Gary Frear, Mark Kushiner, Warren Johnson, and G. Junkovic (collectively, "Defendants") for unlawful seizure and unlawful search in violation of 42 U.S.C. § 1983, and for malicious prosecution in violation of Illinois state law. On May 13, 2013, Defendants filed a motion to dismiss Plaintiff's complaint, arguing that his claims are barred by collateral estoppel based on the state court's finding of probable cause during his preliminary hearing in his underlying state court criminal action. On November 21, 2013, the Court converted Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The motion for summary judgment is fully briefed and before the Court. For the following reasons, the motion is denied.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Id. But before the nonmoving party "can benefit from a favorable view of evidence, he must first actually place evidence before the courts." Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010). Simply showing that there is "some metaphysical doubt as to the material facts" will not defeat a motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted); see also Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). "Summary judgment is appropriate if the nonmoving party 'fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Majors v. Gen. Elec. Co., 714 F.3d 527, 532 (7th Cir. 2013) (quoting Celotex Corp., 477 U.S. at 322).

The following facts are undisputed. On February 9, 2011, Plaintiff was arrested and charged with possession of a controlled substance with intent to deliver, in violation of Illinois criminal law. Over a year later, on March 15, 2012, a preliminary hearing was held, wherein the judge determined that there was probable cause to proceed to trial. At the time of the hearing, Plaintiff was represented by counsel. The prosecutor called one witness, Officer Corona. Counsel for Plaintiff cross-examined Officer Corona and marked exhibits. At the conclusion of the preliminary hearing, the judge stated, "Finding of probable cause. Transferred to the Chief Judge for arraignment, motion State, April 5. Demand for trial is noted." Defs.' Local Rule 56.1 Statement of Uncontested Facts in Supp. of Their Mot. for Summ. J. Ex. B, at p. 13. The entire transcript of the hearing contains only twelve pages of testimony, wherein the judge sustained ten objections made by the prosecutor to questions posed by Plaintiff's defense counsel. See Defs.' Resp. to Pl.'s Statement of Additional Facts ¶¶ 1, 3. On January 4, 2013, the case proceeded to a bench trial before a different state court judge, and Plaintiff was ultimately found not guilty.

Although the parties contest the majority of the facts with respect to Plaintiff's arrest, which form the basis of his claims in the instant lawsuit, they agree that probable cause, if proven, is an absolute defense to all three of Plaintiff's claims. Defendants argue that because the state court judge made a finding of probable cause at the preliminary hearing on March 15, 2012, Plaintiff is collaterally estopped from arguing that Defendants lacked probable cause here. Thus, Defendants argue that they are entitled to judgment as a matter of law. At this time, the broader issue of whether Defendants actually had probable cause is not before the Court—only whether Plaintiff is collaterally estopped from arguing that they did not.[1]

"The doctrine of collateral estoppel generally bars relitigation of issues that were litigated fully and decided with finality in a previous proceeding." Sornberger v. City of Knoxville, 434 F.3d 1006, 1020 (7th Cir. 2006) (citations omitted). Under Illinois issue preclusion law, which applies here,

> "an issue litigated in a prior proceeding may not be relitigated if (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication."

Brown v. City of Chi., 599 F.3d 772, 774 (7th Cir. 2010) (quoting Dunlap v. Nestle USA, Inc., 431 F.3d 1015, 1018 (7th Cir. 2005)). However, "collateral estoppel is unavailable when: (1) 'additional evidence' is discovered after the prior decision; or (2) the party against whom preclusion is sought was unable to appeal the judgment in the initial action." Sornberger, 434 F.3d at 1020.

---

[1] With respect to probable cause, the Court notes that "[t]he existence of probable cause to arrest a suspect for any offense, even one that was not identified by the officers on the scene or in the charging documents, will defeat a Fourth Amendment false-arrest claim." Sroga v. Weiglen, 649 F.3d 604, 608 (7th Cir. 2011) (citations omitted). In addition, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

2

Defendants rely on Jensen v. Foley, 295 F.3d 745 (7th Cir. 2002), in arguing that a state court's finding of probable cause collaterally estops a plaintiff from challenging that finding in a subsequent § 1983 case. In Jensen, agents from the Illinois Department of Children and Family Services ("DCFS") and local law enforcement removed a child from the plaintiffs' home. Id. at 746. A temporary custody hearing was held wherein the state court found that there was probable cause for the removal of the child. Id. at 747. The plaintiffs subsequently filed a § 1983 case alleging that DCFS and local law enforcement violated their Fourth Amendment rights. Id. The Seventh Circuit found that, because the issue of probable cause had been fully and fairly determined on the merits by the state court during the temporary custody hearing, the plaintiffs were collaterally estopped from challenging the existence of probable cause in their subsequent § 1983 case. Id. at 749.

Plaintiff, on the other hand, argues that Jensen is inapposite because, *inter alia*, a finding of probable cause in a temporary custody hearing results in a final and appealable order, while the finding of probable cause in a preliminary hearing is more routine and is not immediately appealable, particularly when the defendant is ultimately acquitted. See Whitley v. Seibel, 676 F.2d 245, 249-250 (7th Cir. 1982). The Court agrees and finds that Jensen is inapplicable to the case at hand.

Furthermore, Plaintiff argues that the doctrine of collateral estoppel does not apply here because there is no identity of the issues and there was no full and final litigation of probable cause on the merits. With respect to the identity of issues, Plaintiff cites Whitley for the proposition that the finding of probable cause in a preliminary hearing is often different from that at issue in a subsequent § 1983 case. Whitley, 676 F.2d at 249. In Whitley, the court noted that the preliminary hearing litigated the sufficiency of the evidence necessary to establish probable cause, as opposed to the integrity of the evidence which was challenged in the subsequent § 1983 case. Similarly, here, Plaintiff argues that the defendant-officers testified falsely and, thereby attacks the integrity of the evidence, not the sufficiency which was at issue in the prior proceeding. Accordingly, as the court stated in Whitley, "[w]e doubt that collateral estoppel would ever be appropriate solely on the basis of a preliminary hearing; we hold that it is certainly not appropriate on the facts of this case." Id. at 250.

As to a final judgment on the merits, Plaintiff argues that the preliminary hearing in his underlying state case did not constitute a full and final litigation of probable cause on the merits. The Court agrees. The preliminary hearing was a "relatively summary proceeding," with testimony that spanned only twelve pages of transcripts, where only one witness testified and Plaintiff's defense counsel was prevented from asking numerous questions by the court on objection from the prosecution. Id. at 249. The brief and perfunctory proceedings of a preliminary hearing do not constitute a full and fair litigation as required by the doctrine of collateral estoppel. See United States v. Kashamu, 656 F.3d 679, 686 (7th Cir. 2011) ("Ordinarily an attempt to give collateral estoppel effect to a finding made in a hearing on a request for extradition would be blocked because that hearing, like a preliminary hearing for an arrested person, would not have been full and fair (particularly not full), as the doctrine of collateral estoppel requires.").

Additionally, the Court notes that in People v. Mordican, 356 N.E.2d 71, 73 (Ill. 1976), the Illinois Supreme Court held that "acquittal of a criminal defendant forecloses the application of collateral estoppel in subsequent [criminal] proceedings" because "a defendant who is acquitted has no opportunity to obtain appellate review of rulings made by the trial judge during the course of the trial." Sornberger, 434 F.3d at 1021. In Sornberger, the Seventh Circuit found

3

that <u>Mordican</u> would likewise extend to bar the use of collateral estoppel against a criminal defendant who was unable to appeal, even when the issue is raised in the context of a subsequent § 1983 case, not a subsequent criminal proceeding. <u>Id.</u> at 1022. In the instant case, Plaintiff was found not guilty at his bench trial, and thus was unable to appeal the finding of probable cause from his preliminary hearing. Therefore, the Court finds that the doctrine collateral estoppel does not bar Plaintiff from arguing that Defendants lacked probable cause in his § 1983 case.

      For the foregoing reasons, Defendants' motion for summary judgment on the issue of collateral estoppel is denied.

      IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 5, 2014